IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YARED BEYENE, TADELU KIDANU, HAILEMARIAM GEBREMARIAM, JEA HUN LEE, ZEWDU GIRMA, KIM SENGSAVANG and RABEEA AL-ALWADI, | ) ) ) ) ) ) | |
| Plaintiffs | ) | |
| v. | ) ) | NO. _____ |
| COVERALL OF NORTH AMERICA, INC.; PACIFIC COMMERCIAL SERVICES, LLC; COVERALL CLEANING CONCEPTS; and COVERALL OF NASHVILLE, INC., | ) ) ) ) ) | JURY DEMAND |
| Defendants | ) | |

## COVERALL NORTH AMERICA, INC.'S NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**PLEASE TAKE NOTICE** that, based upon the grounds set forth in this Notice of Removal, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant COVERALL NORTH AMERICA, INC., d/b/a COVERALL CLEANING CONCEPTS, by its attorneys, hereby removes this action from the Chancery Court for Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, and in support of its Notice of Removal, states as follows:

1.     A civil action (the "State Court Action") has been brought and is now pending in the Circuit Court of Davidson County, Tennessee, (the "Tennessee State Court"), entitled *Yared Beyene et al. v. Coverall North America, Inc. et al.*, Case No. 06-1202-IV. Plaintiffs initiated the State Court Action on or about May 12, 2006, by filing their Complaint on that date.

2. Coverall North America, Inc. ("Coverall") was served with the Complaint in the State Court Action on or about May 26, 2006. Plaintiffs also named Coverall Cleaning Concepts as a defendant in the State Court Action. As discussed below, Coverall Cleaning Concepts is not a separate legal entity but rather is an assumed name used by Coverall.

<u>**Plaintiffs' State-Court Complaint**</u>

3. The State Court Action arises out of separate written Janitorial Franchise Agreements ("JFA") that the Plaintiffs entered into with either Coverall or Defendant Pacific Commercial Services, LLC ("PCS"). (Complaint ¶¶ 13-15; Declaration of Kevin Derella ("Derella Decl."), ¶ 6; Exhibit A; Declaration of David Wood ("Wood Decl."), ¶¶ 7-9 Exhibit B.) In the Complaint, Plaintiffs allege that the Defendants breached their obligations under the JFA, violated the Tennessee Consumer Protection Act and fraudulently induced Plaintiffs to execute their respective JFAs by misrepresenting their intent to perform their obligations under those agreements. Plaintiffs seek, among other things, damages in the amount of $200,000, treble damages, punitive damages, attorneys' fees and costs.

<u>**Removal Is Proper Because There Is Complete Diversity Of Citizenship
And The $75,000.00 Amount In Controversy Requirement Is Satisfied**</u>

4. Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. As set forth below, the State Court Action is an action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is a civil action wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2

## The Amount In Controversy Exceeds $75,000

6.      The general federal rule is to decide the amount in controversy from the Complaint itself. *Ford v. Smart Document Solutions, LLC*, 2006 WL 849852, *3 (E.D. Tenn. Mar. 30, 2006) (citing *St. Paul Mercury Indem. Co. v. Redcap Co.*, 303 U.S. 283 (1983)). A complaint that alleges the jurisdictional amount in good faith is sufficient to establish the existence of diversity jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005).

7.      Here, Plaintiffs' Complaint makes clear that the amount in controversy exceeds $75,000. In their Complaint, Plaintiffs specifically pray for "judgment against Defendants in the amount of 200,000." (Complaint, Demand for Relief, ¶ 2.)

8.      Furthermore, the Complaint contains a request for treble damages, punitive damages, costs and attorneys' fees. While Coverall denies that Plaintiffs are entitled to any damages – let alone treble or punitive damages – the inclusion of a request for exemplary damages must be considered in determining whether the amount in controversy is satisfied. *Brown v. Deutsche Bank Nat'l Trust*, 2006 WL 752529, *1 (E.D. Tenn. Mar. 17, 2006) (a "long line of decisions clearly establishes the proposition that exemplary or punitive damages ... can be included in determining whether the jurisdictional amount in controversy has been met."). The same is true for the costs and attorney's fees which Plaintiffs seek. *Id.* Taking into account the possibility of treble damages, punitive damages, costs and attorney's fees, the amount in controversy clearly exceeds $75,000.

## There Is Complete Diversity Of Citizenship

9.      Diversity jurisdiction exists when the citizenship of the Plaintiffs is diverse from that of the Defendants. 28 U.S.C. § 1332(a)(1). Here, complete diversity exists between the real and properly joined parties.

10.      The Plaintiffs in the State Court Action are Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang and Rabeea Al-Alwadi. According to the Complaint, each of the Plaintiffs is an individual and citizen of the State of Tennessee. (Complaint ¶¶ 1-7.)

11.      Defendant Coverall is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Boca Raton, Florida. (Complaint ¶ 8.) Defendant Coverall Cleaning Concepts is an assumed name used by Coverall. (Complaint ¶ 10; Derella Decl., ¶ 4.) Therefore, Coverall d/b/a Coverall Cleaning Concepts is a citizen of the States of Delaware and Florida. (Coverall and Coverall Cleaning Concepts are referred to collectively as "Coverall".)

12.      Defendant Pacific Commercial Services, LLC ("PCS") (misnamed in the Complaint as Pacific Cleaning Services, LLC), is a Texas limited liability company with its principal place of business in Addison, Texas. (Complaint ¶ 9; Wood Decl., ¶ 5.) PCS' members are David L. Wood, Pacific Cattle Corporation and Morrison Enterprises. (Wood Decl., ¶ 5.) David Wood is a resident and citizen of Texas. The Pacific Cattle Corporation is a Texas Corporation with its principal place of business in Dallas, Texas. (*Id.*) Morrison Enterprises is a general partnership and each of its partners is a resident and citizen of Nebraska where the partnership was established and carries on its business. (*Id.*) Therefore, PCS is a citizen of the States of Texas.

4

13.     Plaintiffs have also named Coverall of Nashville, Inc. ("CNI") as a defendant. While CNI is a resident of this state, it was fraudulently joined in the State Court Action. Therefore, its citizenship must be disregarded for removal purposes. *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (fraudulent joinder of non-diverse defendant will not defeat removal on diversity grounds).

14.     "It is fundamental law that a plaintiff cannot . . . prevent a defendant from removing a case to the federal court on diversity grounds, by plaintiff's own determination as to who are proper plaintiffs and defendants to the action." *Rose v. Giamatti*, 721 F. Supp. 906, 913 (S.D. Ohio 1989). Where a non-diverse defendant has been fraudulently joined to defeat diversity, the "existence of a fraudulently joined party may be disregarded for purposes of determining diversity jurisdiction." *Spring-Ford Area School Dist. V. Genesis Ins. Co.*, 158 F. Supp. 2d 476, 479 (E.D. Pa. 2001.) "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 11 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991)); *Coyne*, 183 F.3d at 493 (same).

15.     Here, there can be no question that Plaintiffs cannot establish any cause of action against CNI. Plaintiffs' Complaint alleges that "Defendants" violated the Tennessee Consumer Protection Act and defrauded Plaintiffs by: (1) misrepresenting their intention to perform their contractual obligations; (2) failing to properly train Plaintiffs as required by the parties' contracts; (3) failing to investigate, or instruct Plaintiffs on how to remedy, the complaints of

customers; and (4) failing to give Plaintiffs new accounts "immediately upon entering into" the JFAs. (Complaint ¶ 17-22.)

16.    The merits (or lack thereof) of these allegations aside, there is simply no way that CNI could be held liable for any of these alleged wrongdoings, because (1) CNI did not sell any of the franchises at issue; and (2) is not a party to any of the JFAs at issue. (Derella Decl., ¶ 6; Wood Decl., ¶¶ 12-13.) *Coyne*, 183 F.3d at 493 (fraudulent joinder exists where plaintiff cannot establish a cause of action against the non-diverse defendant).

17.    As detailed in the attached Declarations of Kevin Derella and David Wood, Coverall is engaged in the business of granting franchises to qualified individuals to own and operate commercial cleaning service businesses under the Coverall tradename. (Derella Decl., ¶ 5.) PCS holds a master franchise permitting it to grant sub-franchises to qualified individuals to own and operate commercial cleaning service businesses under the Coverall tradename. (Wood Decl., ¶ 6.)

18.    Plaintiffs Yared Beyene, Jea Hun Lee, and Zewdu Girma entered into written Janitorial Franchise Agreement with PCS. (Wood Decl., ¶¶ 7-9.) Plaintiffs Kim Sengsavang, Tadelu Kidanu, Hailemariam Gebremariam, and Rabeea Al-Alwadi entered into written Janitorial Franchise Agreements with Coverall. (Derella Decl., ¶ 6.)

19.    CNI does not sell franchises, nor did it enter into <u>any</u> of the Franchise Agreements at issue in this case. To the contrary, CNI was incorporated (and improperly so) <u>by a franchisee of PCS</u>.[1]

---

[1]    Although the franchisee (Mr. Ivey) was authorized to use the Coverall tradename, he was not and is not authorized to incorporate a business entity using the Coverall name. (Wood Decl., ¶ 14.)    PCS has demanded that Mr. Ivey immediately dissolve CNI and cease and desist from otherwise unlawfully using the Coverall name. (*Id.*) CNI has since been dissolved. (*Id.*)

6

20.     Specifically, CNI was incorporated on October 26, 2005 by a Mr. Israel Ivey. (Wood Decl., ¶ 11.)  Like some of the Plaintiffs, Mr. Ivey is a sub-franchisee of PCS.  (Wood Decl., ¶ 12)  CNI is not a party to any contract or agreement with any of the Plaintiffs in the State Court Action, and CNI had absolutely no involvement with the sale of the franchises that the Plaintiffs purchased.  (Derella Decl., ¶ 6; Wood Decl., ¶ 12)  Indeed, each of the Plaintiffs' respective JFAs was entered into before CNI came into existence.  (Derella Decl., ¶ 6; Wood Decl., ¶¶ 7-9, 11.)

21.     For all of these reasons, Plaintiffs have no hope of making out a colorable claim against CNI.  *Coyne*, 183 F.3d at 493 (plaintiff must have a colorable basis for claim against non-diverse defendant to defeat diversity jurisdiction).  Clearly, CNI has been fraudulently joined and thus, its citizenship does not defeat diversity jurisdiction.  *Id.*

22.     The initial time within which Coverall is required by the laws of the State of Tennessee to answer or otherwise plead in response to Plaintiffs' Complaint has not expired, and Coverall has not answered or otherwise pleaded in response to the Complaint.

23.     This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed by Coverall within thirty (30) days after receipt, through service or otherwise, of a copy of the Complaint.

24.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders from the State Court Action are attached as Exhibit C to this Notice.

25.     Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Clerk of the Chancery Court of Davidson County, Tennessee (Exhibit D), and served on the Plaintiffs.  (Exhibit E).

26.     PCS has not been served with process in the State Court Action but it consents to the removal of that action to this Court.  (Exhibit B, ¶ 2).

**WHEREFORE**, Defendants Coverall North America, Inc. and Coverall Cleaning Concepts give notice that the above-described action pending against them in the Chancery Court of Davidson County, Tennessee is removed to this Court.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By: _John R. Tarply_
John R. Tarpley, BPR # 9661
E-mail: jtarpley@lewisking.com
SunTrust Bank Building
201 Fourth Avenue North, Suite 1500
P.O. Box 198615
Nashville, TN  37219
Phone: (615) 259-1366
Fax: (615) 259-1389

Attorneys for Coverall North America, Inc.

OF COUNSEL:

DLA PIPER RUDNICK GRAY CARY US LLP

By: _Norman M. Leon (by John R. Tarply with permission)_
Norman M. Leon
Alice A. Kelly
203 North LaSalle Street
Suite 1900
Chicago, IL  60601
(312) 368-2192

8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record in the manner of service indicated below:

[✓] By placing postage prepaid envelope in United States Mail Service, addressed to:

| | |
|---|---|
| Jay R. Slobey, Esq.<br>Patrick Dollar, Esq.<br>Blackburn & McCune, PLLC<br>SunTrust Bank Building, Suite 1700<br>201 Fourth Avenue North<br>Nashville, TN 37219 | Gail Vaughn Ashworth, Esq.<br>Gideon & Wiseman<br>1100 Noel Place<br>200 Fourth Avenue North<br>Nashville, TN 37219-2144 |

[ ] By placing document in third party express delivery carrier, i.e., Federal Express, for overnight delivery to the following counsel of record:

[ ] By sending document via facsimile to:

[ ] By causing the foregoing to be hand delivered to counsel of record at the following address on this _____ day of _____, 2006:

This the 22nd day of June_____, 2006.

_John C. Taylor_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

YARED BEYENE, TADELU KIDANU,    )
HAILEMARIAM GEBREMARIAM,    )
JEA HUN LEE, ZEWDU GIRMA, KIM   )
SENGSAVANG and RABEEA AL-    )
ALWADI,    )
    )
        Plaintiffs,    )    Case No:
    )
v.    )
    )
COVERALL NORTH AMERICA, INC.   )
d/b/a COVERALL CLEANING    )
CONCEPTS, PACIFIC    )
COMMERCIAL SERVICES, LLC and  )
COVERALL OF NASHVILLE, INC.,  )
    )
        Defendants.    )

## DECLARATION OF KEVIN DERELLA
## IN SUPPORT OF COVERALL NORTH AMERICA, INC. d/b/a
## COVERALL CLEANING CONCEPTS' NOTICE OF REMOVAL

1.    My name is Kevin Derella. I am an individual over the age of eighteen (18) years. I am currently employed as the Vice President, Divisional Operations/Director of Corporate Regions for Coverall North America, Inc. ("Coverall North America"). I have personal knowledge of the matters set forth in this Declaration and would be willing and able to testify thereto if and when called upon to do so.

2.    I make this Declaration in support of Coverall North America d/b/a Coverall Cleaning Concepts' Notice of Removal. The purpose of this Declaration is to provide the Court with information regarding the fraudulent joinder of Coverall of Nashville, Inc. in this action.

3.    On or about May 26, 2006, Coverall North America was served with process in a civil action (the "State Court Action") filed in the Circuit Court of Davidson County, Tennessee,

CHGO1\30806115.1

**EXHIBIT**

tabbies A

(the "Tennessee State Court"), entitled *Yared Beyene et al. v. Coverall North America, Inc. et al.*, Case No. 06-1202-IV.

4.      Defendant Coverall North America is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Boca Raton, Florida. Defendant Coverall Cleaning Concepts is an assumed name used by Coverall North America.

5.      Coverall North America is in the business of granting franchises to qualified individuals to own and operate commercial cleaning service businesses under the Coverall tradename pursuant to written Janitorial Franchise Agreements ("JFA").

6.      Plaintiff Kim Sengsavang entered into a written JFA with Coverall North America with an effective date of April 13, 2004. Plaintiff Rabeea Al-Alwadi entered into a written JFA with Coverall North America with an effective date of April 5, 2004. Tadelu Kidanu and Hailemariam Gebremariam entered into a written JFA with Coverall North America on or about December 31, 2004. Coverall of Nashville, Inc. ("CNI") is not a party to any of these JFAs. Furthermore, the incorporator of CNI (Israel Ivey) was never an employee of Coverall North America, nor was he involved in the sale of these franchises.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June _, 2006

KEVIN DERELLA

CHGO1\30806115.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| YARED BEYENE, TADELU KIDANU, HAILEMARIAM GEBREMARIAM, JEA HUN LEE, ZEWDU GIRMA, KIM SENGSAVANG and RABEEA AL-ALWADI, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: |
| v. | ) ) | |
| COVERALL NORTH AMERICA, INC. d/b/a COVERALL CLEANING CONCEPTS, PACIFIC COMMERCIAL SERVICES, LLC and COVERALL OF NASHVILLE, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF DAVID WOOD IN SUPPORT OF COVERALL NORTH AMERICA, INC. d/b/a COVERALL CLEANING CONCEPTS' NOTICE OF REMOVAL

1.      My name is David Wood.  I am an individual over the age of eighteen (18) years. I am currently the Chief Operating Officer of Pacific Commercial Services, LLC ("PCS").  I have personal knowledge of the matters set forth in this Declaration and would be willing and able to testify thereto if and when called upon to do so.

2.      I make this Declaration in support of Coverall North America d/b/a Coverall Cleaning Concepts' Notice of Removal.  PCS consents to and joins in the Removal.  The purpose of this Declaration is to provide the Court with information regarding the fraudulent joinder of Coverall of Nashville, Inc. in this action.

3.      PCS has not been served in the civil action (the "State Court Action") filed in the Circuit Court of Davidson County, Tennessee, (the "Tennessee State Court"), entitled *Yared*

EXHIBIT
B

Exhibit Stickers

*Beyene et al. v. Coverall North America, Inc. et al.*, Case No. 06-1202-IV. PCS does not consent to service in the State Court Action and reserves any and all objections and defenses it may have to service in and jurisdiction of this Court.

4.     The Plaintiffs in the State Court Action are Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang and Rabeea Al-Alwadi. According to the Complaint, each of the plaintiffs is an individual and citizen of Tennessee.

5.     PCS (misnamed in the Complaint as Pacific Cleaning Services, LLC), is a Texas limited liability company with its principal place of business in Addison, Texas. PCS' members are David L. Wood, Pacific Cattle Corporation and Morrison Enterprises. David Wood is a resident and citizen of Texas. The Pacific Cattle Corporation is a Texas Corporation with its principal place of business in Dallas, Texas. Morrison Enterprises is a general partnership and each of its partners is a resident and citizen of Nebraska where the partnership was established and carries on its business.

6.     PCS holds a master franchise permitting it to grant sub-franchises in specified areas to qualified individuals to own and operate commercial cleaning service businesses under the Coverall tradename pursuant to written Janitorial Franchise Agreements ("JFA").

7.     Yared Beyene entered into a written JFA with PCS on or about May 18, 2005.

8.     Jea Hun Lee entered into a written JFA with PCS on or about on or about September 1, 2005.

9.     Zewdu Girma entered into a written JFA with PCS on or about June 28, 2005.

10.     Coverall North America, Inc. is not a party to the franchise agreements between PCS and its sub-franchisees.

CHGO1\30806775.1

11.     Coverall of Nashville, Inc. ("CNI") is a corporation organized and existing under the laws of the state of Tennessee with its principal place of business in Nashville, Tennessee. CNI was incorporated by Israel Ivey on October 26, 2005.

12.     Mr. Ivey, like some of the Plaintiffs, is a sub-franchisee licensed by PCS to own and operate a commercial cleaning service business under the Coverall tradename pursuant to a written JFA. Mr. Ivey is not and has never been an employee or agent of PCS, he is not a party to the JFAs that PCS entered into with the Plaintiffs, and he had no involvement with the sale of the franchises which the Plaintiffs purchased.

13.     Mr. Ivey also mistakenly listed his registered agent with the Tennessee Secretary of State as located at 311 Plus Park Blvd. in Nashville, Tennessee which is where PCS' offices are in Nashville, Tennessee.   CNI, however, maintains no office or registered agent at this address.

14.     Although Mr. Ivey was authorized to use the Coverall tradename, he was not and is not authorized to incorporate a business entity using the Coverall name.  PCS has demanded Mr. Ivey immediately dissolve CNI and cease and desist from otherwise unlawfully using the Coverall name.  I have been informed that CNI has since been dissolved.

CHGO1\30806775.1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 2/, 2006

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

YARED BEYENE, TADELU KIDANU,          )
HAILEMARIAM GEBREMARIAM,               )
JEA HUN LEE, ZEWDU GIRMA,              )
KIM SENGSAVANG, and RABEEA            )      06 - 1202 -   IV    ꝗ꜀
AL-ALWADI                             )      CASE NO:
                                      )
          Plaintiffs                  )
                                      )
v.                                    )      JURY DEMANDED
                                      )
                                      )
COVERALL OF NORTH AMERICA,            )
INC., PACIFIC COMMERCIAL              )
SERVICES, LLC, COVERALL               )
CLEANING CONCEPTS, and                )
COVERALL OF NASHVILLE, INC.           )
                                      )
          Defendant                   )

## COMP)LAINT

This is a civil complaint for damages arising from the willful, fraudulent, and deceptive trade practices of Defendants Coverall North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and/or Coverall of Nashville, Inc., and agents and/or employees of each, in violation of the Tennessee Consumer Protection Act, fraud in the inducement, negligent misrepresentation, breach of contract, and other statutory and common law violations.

## PARTIES

1.    Plaintiff Yared Beyene is a resident of the State of Tennessee, residing at 3541 Mt. View Ridge Drive, Antioch, Tennessee 37013.

**EXHIBIT**

C

2. Plaintiff Tadelu Kidanu (Mr. Kidanu) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

3. Plaintiff Hailemariam Gebremariam (Ms. Gebremariam) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

4. Plaintiff Jea Hun Lee (Mr. Lee) is a resident of the State of Tennessee, residing at 207 Yorktown Road, Clarksville, Tennessee 37042.

5. Plaintiff Zewdu Girma (Mr. Girma) is a resident of the State of Tennessee, residing at 305 Millwood Drive. Apt. 475, Nashville, Tennessee 37217.

6. Plaintiff Kim Sengsavang (Ms. Sengsavang) is a resident of the State of Tennessee, residing at 6329 Plainview Road, Christiana, TN 37037.

7. Plaintiff Rabeea Al-Awadi (Mr. Al-Awadi) is a resident of the State of Tennessee residing at 6620 Forrest Lane, Murfreesboro, TN 37129

8. Defendant Coverall North America, Inc. (Coverall) is a business entity authorized to do business in the State of Tennessee and having a principal office located at 500 W. Cypress Creek, Suite 580, Ft. Lauderdale, Florida 33309. Defendant may be served with process through its registered agent, Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027. Coverall North America, Inc. does business in Tennessee under the assumed name of Coverall Cleaning Concepts.

9. Defendant Pacific Cleaning Services, LLC (PCS) is a Texas corporation, not licensed to do business in the State of Tennessee. PCS's registered agent of service is David Wood, 14901 Quorum Drive, Suite 85, Dallas, TX 75240.

10. Defendant Coverall Cleaning Concepts, Inc., is an assumed name for Coverall of North America, Inc., and an entity under which "franchise" opportunities were offered and sold in the State of Tennessee. Coverall Cleaning Concepts is not licensed to do business in the State of Tennessee.

11. Defendant Coverall of Nashville, Inc. is a business entity authorized to do business in the State of Tennessee and having a principal office located at 1511 A Rosedale Avenue, Nashville, Tennessee 37207. Defendant Coverall of Nashville, Inc. may be served with process through its registered agent "Coverall of Nashville, Inc." located at 311 Plus Park Boulevard, Nashville, Tennessee 37217.

## FACTS

12. Each Plaintiff is a legal immigrant to the United States, but each is illiterate in reading and writing the English language.

13. Defendants engage, at least in part, in commercial cleaning services and the purported "franchising" of commercial cleaning service businesses.

14. Defendants' employees induced Plaintiffs into executing so-called franchise agreements in which the business relationship was actually general contractor -subcontractor or employer-employee.

15. At the time each Plaintiff signed his/her franchise agreement and subsequent promissory note and/or notes, each paid Defendants for the privilege.

16. None of the Plaintiffs were capable of entering into a contract due to their respective deficiencies in reading and writing the English language.

17. Defendants engaged in the deceptive practice of inducing Plaintiffs into signing so-called franchise agreements, and promissory notes without the present intention of performing their obligations under those agreements.

18. Defendants failed to properly train Plaintiffs for the specific job functions pertaining to each customer account.

19. Defendants' actions constituted a pattern or practice of placing Plaintiffs into a cleaning account, and then when a customer complaint occurred, failing to investigate the complaint at the customer's location, or in many cases failing to notify the Plaintiffs of the Complaint. The result of this pattern or practice is that the Plaintiffs would lose the account within a short period of time.

20. Defendants intentionally failed to instruct the Plaintiffs as to remedying the specific complaint, or failed to notify the Plaintiffs of the complaint itself, in order to take the customer account from the Plaintiffs and give it to a "new"

franchisee, who recently paid money to Defendants for these so-called franchises.

21. Defendants promised Plaintiffs new accounts immediately upon entering into these so-called franchise agreements; however, Defendants failed to place Plaintiffs into these accounts according to the scheduled payments made by the Plaintiffs. Because of this action, Defendants are liable in damages for the following violations.

22. Each Plaintiff was subjected to the "shuffling" arrangement, and each has been promised a new account – without delivery. Defendants had no present intention of placing Plaintiffs into subsequent accounts, beyond this initial shuffling.

## CAUSES OF ACTION

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

23. Defendants are liable, in damages, for the following violations of the Tennessee Consumer Protection Act, which statutes were in full force and effect at all times material to Plaintiffs' Complaint:

   a. Tenn. Code Ann. § 47-18-104(b)(3); Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

b. Tenn. Code Ann. § 47-18-104(b)(5); Representing that goods and services have sponsorship approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation, or connection that such person does not have;

c. Tenn. Code Ann. § 47-18-104(b)(9); Advertising services with intent not to sell them as advertised;

d. Tenn. Code Ann. § 47-18-104(b)(12); Representing that a consumer transaction confers or involves rights, remedies, or obligations that it does not have or involve or which are prohibited by law;

e. Tenn. Code Ann/ § 47-18-(b)(2); Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services. This subdivision does not prohibit the private labeling of goods and services;

f. Tenn. Code Ann. § 47-18-104(b)(27); Engaging in any other act or practice which is deceptive to the consumer or to any other person.

24. Plaintiffs, due to their respective inability to read and write the English language, lacked the competence to appreciate the consequences of their unfair bargaining position and therefore are entitled to recission from each and every purported contract they executed with Defendants, including but not limited to their franchise agreements and each and every promissory note.

25. The nature of the deception or coercion practiced upon Plaintiffs was of the most egregious kind, involving the signing of promissory notes and false franchise agreements in an effort to bind Plaintiffs to obligations and amounts of which they were unaware and/or could not appreciate.

26. By their deceptive acts, Defendants, through their agents and/or employees, did not act in good faith and willfully and/or knowingly violated the provisions of the Tennessee Consumer Protection Act.

27. Defendants are liable to Plaintiffs in damages arising from Defendants violations of the Tennessee Consumer Protection Act, and these damages should be trebled due to Defendant's willful violations of said Act, pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

## FRAUD IN THE INDUCEMENT

28. Defendants, through their agents and/or employees, intentionally misrepresented material facts pertaining to the scope of Plaintiffs' employment status with Defendants.

29. At the time these representations were made, Defendants' agents and/or employees had knowledge of the falsity of these representations.

30. Plaintiffs, to the extent each could understand the English language, reasonably relied upon these false representations and were consequently injured as a result of this reliance.

**31.** When these false representations were made, Defendants' agents and/or employees had no present intent to fully perform their promises to Plaintiffs.

## NEGLIGENT MISREPRESENTATION

32. Defendants, in the course of their business, failed to exercise reasonable care or competence in communicating material information to Plaintiffs pertaining to their respective statuses as a franchisee of Defendant Coverall. Defendants, through their agents and/or employees, supplied false information for the guidance of Plaintiffs in their business transactions with Defendants. As such, Defendants are subject to liability for the pecuniary loss caused to Plaintiffs by their justifiable reliance upon the information.

33. Defendants' agents and/or employees intentionally or negligently supplied false information and/or omitted necessary material facts and information to Plaintiffs in the guiding of their business transactions with Defendants. Plaintiffs reasonably relied upon this false information to their detriment.

34. Defendants are liable in damages to Plaintiffs for the intentional and/or negligent misrepresentations made by its agents and/or employees.

35. Defendants are liable in damages to Plaintiffs for fraud in the inducement.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand:

1. That process be issued and served upon all Defendants, and each and every Defendant be required to appear and Answer Plaintiffs' Complaint;

2.  That Plaintiffs be awarded a collective judgment against Defendants in the amount of $200,000.00 in damages;

3.  That Plaintiffs be awarded treble damages for Defendants' willful violations of the Tennessee Consumer Protection Act;

4.  That Plaintiffs be awarded punitive damages;

5.  That Plaintiffs be awarded reasonable attorneys' fees and associated costs, including discretionary costs;

6.  That Plaintiffs be awarded recission of each and every contractual obligation allegedly entered into between them and Defendants;

7.  Prejudgment and post-judgment interest;

8.  Such further and other general relief to which Plaintiffs may be entitled under the laws of the State of Tennessee; and

9.  A jury to try all issues so triable of right.

Respectfully submitted:

BLACKBURN & McCUNE, PLLC

*[signature]*

Jay R. Slobey (#5398)
Patrick Dollar (#23602)
SunTrust Bank Building
Suite 1700
201 Fourth Avenue, North
Nashville, Tennessee 37219

*Attorneys for Plaintiffs*

ORIGINAL

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER Chancery Court<br>06-1202 IV |
|---|---|---|

| PLAINTIFF  Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |
|---|---|

TO:  (NAME AND ADDRESS OF DEFENDANT)
Coverall of Nashville, Inc.
311 Park Plus Boulevard, Suite 140
Nashville, TN  37217

*Bugy Woody*

List each defendant on a separate summons.

Method of Service:
- ☐ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☑ Private Process Server
- ☐ Other
- *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU.  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN  32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br><br>5-16-06<br><br>CRISTI SCOTT, Clerk and Master<br>By:      501 Great Circle Road<br>          Second Floor<br>          Nashville, TN 37228<br><br>Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons.  Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy
for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _Lovelace of Nashville_

☑ Served _By Hand Delivery_       ☐ Not Found _____

☐ Not Served _____       ☐ Other _____

| DATE OF RETURN: | By: _Jamie Bradley_ |
|---|---|
| _5-26-06_ | ~~Sheriff~~ or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____

to the defendant _____, on the _____ day of _____, 20___. I received the

return receipt, which had been signed by _____ on the _____ day of _____,

20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20___.<br><br>Signature of ____ Notary Public or ____ Deputy Clerk<br><br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

    Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt; you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:   Clerk & Master
                  #2 Metro Courthouse
                  Nashville TN 37201

Please state file number on list.

**ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)**

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By:<br><br>                            D.C. & M. |

| STATE OF TENNESSEE 20ᵗʰ JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 06-1202·IV |
|---|---|---|

| PLAINTIFF Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |
|---|---|

TO: (NAME AND ADDRESS OF DEFENDANT)
Coverall Cleaning Concepts
Serve: Corporate Creations Network, Inc.
205 Powell Place
Brentwood, TN 37027

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☑ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Jay R. Slobey, Esq. (#5398) Patrick Dollar, Esq. (#23602) 201 Fourth Avenue North, Suite 1700 Nashville, TN 32719 615-254-7770 | FILED, ISSUED & ATTESTED 5-12-06 CRISTI SCOTT, Clerk and Master By: 501 Great Circle Road Second Floor Nashville, TN 37228 Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _CORPORATE CREATION'S NETWORK_

☑ Served _BY HAND DELIVERY TO_ DEBORAH _MORALES_  ☐ Not Found _____

☐ Not Served _____  ☐ Other _____

| DATE OF RETURN: | By: _Jamie Bradley_ |
| --- | --- |
| 5-25-06 | ~~Sheriff~~ or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____

to the defendant _____, on the _____ day of _____, 20___. I received the

return receipt, which had been signed by _____ on the _____ day of _____,

20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___. Signature of _____ Notary Public or _____ Deputy Clerk<br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| --- | --- |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
#2 Metro Courthouse
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>D.C. & M. |
| --- | --- |

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>06-1202-IV |
|---|---|---|
| PLAINTIFF  Yared Beyene, Tadelu Kidanu,<br>Hailemariam Gebremariam, Jea Hun Lee,<br>Zewdu Girma, Kim Sengsavang, and<br>Rabeea Al-Awadi | DEFENDANT  Coverall of North America, Inc.,<br>Pacific Commercial Services, LLC, Coverall<br>Cleaning Concepts, and Coverall of Nashville, Inc. | |

TO:  (NAME AND ADDRESS OF DEFENDANT)
Pacific Commercial Services, LLC
c/o David Wood
14901 Quorum Drive, Suite 855
Dallas, TX  75240

SERVE THROUGH SECRETARY OF STATE

List each defendant on a separate summons.

Method of Service:
- ☐ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. of Insurance
- ☒ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other
*Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU.  YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW.  IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN  32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br><br>5-22-06<br><br>CRISTI SCOTT, Clerk and Master<br>By:                    **501 Great Circle Road**<br>**Second Floor**<br>**Nashville, TN 37228**<br><br>**Deputy Clerk & Master** |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing.  The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons.  Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy
for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) *Secretary of State*

☑ Served   *6-2-06*          ☐ Not Found _____
☐ Not Served _____        ☐ Other _____

DATE OF RETURN:

     *6-2-06*

By: *Christy Daniel Special Officer*

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, _____, 20___.<br><br>Signature of _____ Notary Public or _____ Deputy Clerk<br><br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

     Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

     Mail list to:   Clerk & Master
                    #2 Metro Courthouse
                    Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>                      D.C. & M. |

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS ORIGINAL | CASE FILE NUMBER<br>06-1202-I<br>Dav. Co. Chancery Court |
|---|---|---|

| PLAINTIFF  Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |
|---|---|

TO:  (NAME AND ADDRESS OF DEFENDANT)
Coverall of North America, Inc.
Serve: Corporate Creations Network, Inc.
205 Powell Place
Brentwood, TN  37027

Method of Service:
☐  Certified Mail
☐  Davidson Co. Sheriff
☐  *Comm. of Insurance
☐  *Secretary of State
☐  *Out of County Sheriff
☑  Private Process Server
☐  Other
   *Attach Required Fees

List each defendant on a separate summons!

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN  32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br><br>5-12-06<br><br>CRISTI SCOTT, Clerk and Master<br>By:<br>          501 Great Circle Road<br>          Second Floor<br>          Nashville, TN 37228<br><br>          Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
|  | Sheriff |

***Submit one original plus one copy
for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) *COVERALL OF NORTH AMERICA*

☑ Served *REGISTERED AGENT CORPORATE CREATIONS NETWORK*   ☐ Not Found _____

☐ Not Served _____   ☐ Other _____

| DATE OF RETURN: | By: *Randy McClanahan* |
|---|---|
| *5-26-06* | ~~Sheriff~~ or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____

to the defendant _____, on the _____ day of _____, 20___. I received the

return receipt, which had been signed by _____ on the _____ day of _____,

20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____ _____, 20___.<br>Signature of ____ Notary Public or ____ Deputy Clerk<br><br><br>My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.<br><br>*Randy McClanahan* |
|---|---|

| NOTICE OF PERSONAL PROPERTY EXEMPTION | |
|---|---|
| TO THE DEFENDANT(S):<br>    Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.<br><br>    Mail list to:  Clerk & Master<br>                        #2 Metro Courthouse<br>                        Nashville TN 37201<br><br>Please state file number on list. | ATTACH<br>RETURN<br>RECEIPT<br>HERE<br>(IF APPLICABLE) |

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master<br><br>By: _____<br><br>_____ D.C. & M. |
|---|---|

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| YARED BEYENE, TADELU KIDANU, HAILEMARIAM GEBREMARIAM, JEA HUN LEE, ZEWDU GIRMA, KIM SENGSAVANG and RABEEA AL-ALWADI,<br><br>       Plaintiffs<br><br>v.<br><br>COVERALL OF NORTH AMERICA, INC.; PACIFIC COMMERCIAL SERVICES, LLC; COVERALL CLEANING CONCEPTS; and COVERALL OF NASHVILLE, INC.,<br><br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Case No. 06-1202-IV<br><br>      JURY DEMANDED |

## NOTICE OF REMOVAL OF THIS CAUSE
## TO THE UNITED STATES DISTRICT COURT

TO:   Ms. Cristi Scott
      Clerk and Master
      Davidson County Chancery Court
      501 Great Circle Road
      Nashville, TN 37228

Notice is hereby given that this cause, Docket No. 06-1202-IV, has been removed to the United States District Court for the Middle District of Tennessee, Nashville Division, and that the state court is to proceed no further therein.

You will find herewith a copy of the Notice, which has been filed in the District Court.

Please promptly acknowledge receipt and filing of this Notice and the copy of the Notice of Removal of the defendants in your office by completing and signing the certificate found at the bottom of this Notice, an extra copy of which is enclosed for this purpose, with the request that it be returned when signed.

**EXHIBIT**

D

## <u>ACKNOWLEDGMENT</u>

I, _____, Chancery Court Clerk and Master of Davidson County, Tennessee, do hereby acknowledge receipt of the above notice and papers referred to therein, and certify that I have on the date and hour below stated, filed the said copy of the Notice to remove this cause to the United States District Court in my office at Nashville, Tennessee, this _____ day of _____ 2006, at _____ o'clock, ___.m.

_____
Chancery Court Clerk and Master

2

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.


By: _John R. Tarley_____
     John R. Tarpley, BPR # 9661
     SunTrust Bank Building
     201 Fourth Avenue North, Suite 1500
     P.O. Box 198615
     Nashville, TN 37219
     (615) 259-1366

     Attorneys for Coverall North America, Inc.


OF COUNSEL:

DLA PIPER RUDNICK GRAY CARY US LLP


By: _Norman M. Leon (by John R. Tarley with permission)_
     Norman M. Leon
     Alice A. Kelly
     203 North LaSalle Street
     Suite 1900
     Chicago, IL 60601
     (312) 368-2192

3

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record in the manner of service indicated below:

☑ By placing postage prepaid envelope in United States Mail Service, addressed to:

Jay R. Slobey, Esq.
Patrick Dollar, Esq.
Blackburn & McCune, PLLC
SunTrust Bank Building, Suite 1700
201 Fourth Avenue North
Nashville, TN 37219

Gail Vaughn Ashworth, Esq.
Gideon & Wiseman
1100 Noel Place
200 Fourth Avenue North
Nashville, TN 37219-2144

☐ By placing document in third party express delivery carrier, i.e., Federal Express, for overnight delivery to the following counsel of record:

☐ By sending document via facsimile to:

☐ By causing the foregoing to be hand delivered to counsel of record at the following address on this _____ day of _____, 2006:

This the 22nd day of _June_____, 2006.

_John C. Taylor_____

4

YARED BEYENE, TADELU KIDANU,          )
HAILEMARIAM GEBREMARIAM, JEA          )
HUN LEE, ZEWDU GIRMA, KIM             )
SENGSAVANG and RABEEA AL-             )
ALWADI,                               )
                                      )
     Plaintiffs                    )
v.                                    )     NO. _____
                                      )     JURY DEMAND
COVERALL OF NORTH AMERICA, INC.;      )
PACIFIC COMMERCIAL SERVICES, LLC;     )
COVERALL CLEANING CONCEPTS; and       )
COVERALL OF NASHVILLE, INC.,          )
                                      )
     Defendants                    )

## NOTICE OF REMOVAL OF CASE TO PLAINTIFFS' ATTORNEYS

To:    Jay R. Slobey, Esq.
       Patrick Dollar, Esq.
       Blackburn & McCune, PLLC
       SunTrust Bank Building, Suite 1700
       201 Fourth Avenue North
       Nashville, TN 37219

Notice is hereby given that the defendant, Coverall North America, Inc., in the above-styled cause heretofore filed in the Chancery Court of Davidson County, Tennessee at Nashville, Tennessee, has this day filed in the District Court of the United States for the Middle District of Tennessee, Nashville Division, in the office of the clerk thereof, in Nashville, Tennessee, a Notice of Removal of the Defendants of this cause from the state court to the District Court and attached to the Notice of Removal of the Defendants is the Complaint, the summonses and other



EXHIBIT
E

initial file documents.  A copy of the Notice of Removal of the Defendants is attached hereto and served herewith.

This 22nd day of June 2006.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By: _John R. Tarpley_
John R. Tarpley, BPR# 9661
E-mail: jtarpley@lewisking.com
SunTrust Bank Building
201 Fourth Avenue North, Suite 1500
P.O. Box 198615
Nashville, TN  37219
Phone: (615) 259-1366
Fax: (615) 259-1389

Attorneys for Coverall North America, Inc.

OF COUNSEL:

DLA PIPER RUDNICK GRAY CARY US LLP

By: _Norman M. Leon (by John R. Tarpley with permission)_
Norman M. Leon
Alice A. Kelly
203 North LaSalle Street
Suite 1900
Chicago, IL  60601
(312) 368-2192

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record in the manner of service indicated below:

☑ By placing postage prepaid envelope in United States Mail Service, addressed to:

| | |
|---|---|
| Jay R. Slobey, Esq.<br>Patrick Dollar, Esq.<br>Blackburn & McCune, PLLC<br>SunTrust Bank Building, Suite 1700<br>201 Fourth Avenue North<br>Nashville, TN 37219 | Gail Vaughn Ashworth, Esq.<br>Gideon & Wiseman<br>1100 Noel Place<br>200 Fourth Avenue North<br>Nashville, TN 37219-2144 |

☐ By placing document in third party express delivery carrier, i.e., Federal Express, for overnight delivery to the following counsel of record:

☐ By sending document via facsimile to:

☐ By causing the foregoing to be hand delivered to counsel of record at the following address on this _____ day of _____, 2006:

This the _22nd_ day of ___June_____, 2006.

_John R. Tuyl_

3