IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| YARED BEYENE, TADELU KIDANU, HAILEMARIAM GEBREMARIAM, JEA HUN LEE, ZEWDU GIRMA, KIM SENGSAVANG, and RABEEA AL-ALWADI<br><br>Plaintiffs<br><br>v.<br><br>COVERALL OF NORTH AMERICA, INC., PACIFIC COMMERCIAL SERVICES, LLC, COVERALL CLEANING CONCEPTS, and COVERALL OF NASHVILLE, INC.<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO: 06-1202-IV<br><br>JURY DEMANDED |

## COMP)LAINT

This is a civil complaint for damages arising from the willful, fraudulent, and deceptive trade practices of Defendants Coverall North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and/or Coverall of Nashville, Inc., and agents and/or employees of each, in violation of the Tennessee Consumer Protection Act, fraud in the inducement, negligent misrepresentation, breach of contract, and other statutory and common law violations.

### PARTIES

1.   Plaintiff Yared Beyene is a resident of the State of Tennessee, residing at 3541 Mt. View Ridge Drive, Antioch, Tennessee 37013.

**EXHIBIT C**

2. Plaintiff Tadelu Kidanu (Mr. Kidanu) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

3. Plaintiff Hailemariam Gebremariam (Ms. Gebremariam) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

4. Plaintiff Jea Hun Lee (Mr. Lee) is a resident of the State of Tennessee, residing at 207 Yorktown Road, Clarksville, Tennessee 37042.

5. Plaintiff Zewdu Girma (Mr. Girma) is a resident of the State of Tennessee, residing at 305 Millwood Drive. Apt. 475, Nashville, Tennessee 37217.

6. Plaintiff Kim Sengsavang (Ms. Sengsavang) is a resident of the State of Tennessee, residing at 6329 Plainview Road, Christiana, TN 37037.

7. Plaintiff Rabeea Al-Awadi (Mr. Al-Awadi) is a resident of the State of Tennessee residing at 6620 Forrest Lane, Murfreesboro, TN 37129

8. Defendant Coverall North America, Inc. (Coverall) is a business entity authorized to do business in the State of Tennessee and having a principal office located at 500 W. Cypress Creek, Suite 580, Ft. Lauderdale, Florida 33309. Defendant may be served with process through its registered agent, Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027. Coverall North America, Inc. does business in Tennessee under the assumed name of Coverall Cleaning Concepts.

9. Defendant Pacific Cleaning Services, LLC (PCS) is a Texas corporation, not licensed to do business in the State of Tennessee. PCS's registered agent of service is David Wood, 14901 Quorum Drive, Suite 85, Dallas, TX 75240.

10. Defendant Coverall Cleaning Concepts, Inc., is an assumed name for Coverall of North America, Inc., and an entity under which "franchise" opportunities were offered and sold in the State of Tennessee. Coverall Cleaning Concepts is not licensed to do business in the State of Tennessee.

11. Defendant Coverall of Nashville, Inc. is a business entity authorized to do business in the State of Tennessee and having a principal office located at 1511 A Rosedale Avenue, Nashville, Tennessee 37207. Defendant Coverall of Nashville, Inc. may be served with process through its registered agent "Coverall of Nashville, Inc." located at 311 Plus Park Boulevard, Nashville, Tennessee 37217.

## FACTS

12. Each Plaintiff is a legal immigrant to the United States, but each is illiterate in reading and writing the English language.

13. Defendants engage, at least in part, in commercial cleaning services and the purported "franchising" of commercial cleaning service businesses.

14. Defendants' employees induced Plaintiffs into executing so-called franchise agreements in which the business relationship was actually general contractor-subcontractor or employer-employee.

15. At the time each Plaintiff signed his/her franchise agreement and subsequent promissory note and/or notes, each paid Defendants for the privilege.

16. None of the Plaintiffs were capable of entering into a contract due to their respective deficiencies in reading and writing the English language.

17. Defendants engaged in the deceptive practice of inducing Plaintiffs into signing so-called franchise agreements, and promissory notes without the present intention of performing their obligations under those agreements.

18. Defendants failed to properly train Plaintiffs for the specific job functions pertaining to each customer account.

19. Defendants' actions constituted a pattern or practice of placing Plaintiffs into a cleaning account, and then when a customer complaint occurred, failing to investigate the complaint at the customer's location, or in many cases failing to notify the Plaintiffs of the Complaint. The result of this pattern or practice is that the Plaintiffs would lose the account within a short period of time.

20. Defendants intentionally failed to instruct the Plaintiffs as to remedying the specific complaint, or failed to notify the Plaintiffs of the complaint itself, in order to take the customer account from the Plaintiffs and give it to a "new"

franchisee, who recently paid money to Defendants for these so-called franchises.

21. Defendants promised Plaintiffs new accounts immediately upon entering into these so-called franchise agreements; however, Defendants failed to place Plaintiffs into these accounts according to the scheduled payments made by the Plaintiffs. Because of this action, Defendants are liable in damages for the following violations.

22. Each Plaintiff was subjected to the "shuffling" arrangement, and each has been promised a new account – without delivery. Defendants had no present intention of placing Plaintiffs into subsequent accounts, beyond this initial shuffling.

## CAUSES OF ACTION

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

23. Defendants are liable, in damages, for the following violations of the Tennessee Consumer Protection Act, which statutes were in full force and effect at all times material to Plaintiffs' Complaint:

    a. Tenn. Code Ann. § 47-18-104(b)(3); Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

b. Tenn. Code Ann. § 47-18-104(b)(5); Representing that goods and services have sponsorship approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation, or connection that such person does not have;

c. Tenn. Code Ann. § 47-18-104(b)(9); Advertising services with intent not to sell them as advertised;

d. Tenn. Code Ann. § 47-18-104(b)(12); Representing that a consumer transaction confers or involves rights, remedies, or obligations that it does not have or involve or which are prohibited by law;

e. Tenn. Code Ann/ § 47-18-(b)(2); Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services. This subdivision does not prohibit the private labeling of goods and services;

f. Tenn. Code Ann. § 47-18-104(b)(27); Engaging in any other act or practice which is deceptive to the consumer or to any other person.

24. Plaintiffs, due to their respective inability to read and write the English language, lacked the competence to appreciate the consequences of their unfair bargaining position and therefore are entitled to recission from each and every purported contract they executed with Defendants, including but not limited to their franchise agreements and each and every promissory note.

25. The nature of the deception or coercion practiced upon Plaintiffs was of the most egregious kind, involving the signing of promissory notes and false franchise agreements in an effort to bind Plaintiffs to obligations and amounts of which they were unaware and/or could not appreciate.

26. By their deceptive acts, Defendants, through their agents and/or employees, did not act in good faith and willfully and/or knowingly violated the provisions of the Tennessee Consumer Protection Act.

27. Defendants are liable to Plaintiffs in damages arising from Defendants violations of the Tennessee Consumer Protection Act, and these damages should be trebled due to Defendant's willful violations of said Act, pursuant to Tenn. Code Ann. § 47-18-109(a)(3).

## FRAUD IN THE INDUCEMENT

28. Defendants, through their agents and/or employees, intentionally misrepresented material facts pertaining to the scope of Plaintiffs' employment status with Defendants.

29. At the time these representations were made, Defendants' agents and/or employees had knowledge of the falsity of these representations.

30. Plaintiffs, to the extent each could understand the English language, reasonably relied upon these false representations and were consequently injured as a result of this reliance.

31. When these false representations were made, Defendants' agents and/or employees had no present intent to fully perform their promises to Plaintiffs.

## NEGLIGENT MISREPRESENTATION

32. Defendants, in the course of their business, failed to exercise reasonable care or competence in communicating material information to Plaintiffs pertaining to their respective statuses as a franchisee of Defendant Coverall. Defendants, through their agents and/or employees, supplied false information for the guidance of Plaintiffs in their business transactions with Defendants. As such, Defendants are subject to liability for the pecuniary loss caused to Plaintiffs by their justifiable reliance upon the information.

33. Defendants' agents and/or employees intentionally or negligently supplied false information and/or omitted necessary material facts and information to Plaintiffs in the guiding of their business transactions with Defendants. Plaintiffs reasonably relied upon this false information to their detriment.

34. Defendants are liable in damages to Plaintiffs for the intentional and/or negligent misrepresentations made by its agents and/or employees.

35. Defendants are liable in damages to Plaintiffs for fraud in the inducement.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand:

1. That process be issued and served upon all Defendants, and each and every Defendant be required to appear and Answer Plaintiffs' Complaint;

2. That Plaintiffs be awarded a collective judgment against Defendants in the amount of $200,000.00 in damages;

3. That Plaintiffs be awarded treble damages for Defendants' willful violations of the Tennessee Consumer Protection Act;

4. That Plaintiffs be awarded punitive damages;

5. That Plaintiffs be awarded reasonable attorneys' fees and associated costs, including discretionary costs;

6. That Plaintiffs be awarded recission of each and every contractual obligation allegedly entered into between them and Defendants;

7. Prejudgment and post-judgment interest;

8. Such further and other general relief to which Plaintiffs may be entitled under the laws of the State of Tennessee; and

9. A jury to try all issues so triable of right.

Respectfully submitted:

**BLACKBURN & MCCUNE, PLLC**

*/s/ Patrick Dollar*
Jay R. Slobey (#5398)
Patrick Dollar (#23602)
SunTrust Bank Building
Suite 1700
201 Fourth Avenue, North
Nashville, Tennessee 37219

*Attorneys for Plaintiffs*

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>06-1202 IV |
|---|---|---|
| PLAINTIFF Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |

TO: (NAME AND ADDRESS OF DEFENDANT)
Coverall of Nashville, Inc.
311 Park Plus Boulevard, Suite 140
Nashville, TN 37217

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☑ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN 32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br>5-18-06<br>CRISTI SCOTT, Clerk and Master<br>By:<br>501 Great Circle Road<br>Second Floor<br>Nashville, TN 37228<br>Deputy Clerk & Master |

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) __Coverall of Nashville__

☑ Served __By Hand Delivery__　　☐ Not Found _____
☐ Not Served _____　　　　　　　☐ Other _____

DATE OF RETURN:

__5-26-06__

By: __Jamie Brodley__
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the ____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the ____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the ____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this ____ day of _____, 20___. Signature of ____ Notary Public or ____ Deputy Clerk  My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
　　　　　　#2 Metro Courthouse
　　　　　　Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

### CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master  By: _____  D.C. & M. |

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>06-1202-IV |
|---|---|---|
| PLAINTIFF Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |

MAY 30 2006
ORIGINAL
Dav. Co. Chancery Court

TO: (NAME AND ADDRESS OF DEFENDANT)
Coverall Cleaning Concepts
Serve: Corporate Creations Network, Inc.
205 Powell Place
Brentwood, TN 37027

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☑ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN 32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br><br>5-12-06<br><br>CRISTI SCOTT, Clerk and Master<br>By:<br>501 Great Circle Road<br>Second Floor<br>Nashville, TN 37228<br><br>Deputy Clerk & Master |

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff |
|---|---|

***Submit one original plus one copy for each defendant to be served.

Case 3:06-cv-00628   Document 1-3   Filed 06/22/06   Page 13 of 18 PageID #: 66

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) __CORPORATE CREATIONS NETWORK__

☑ Served __BY HAND DELIVERY TO DEBORAH MORALES__  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

DATE OF RETURN: __5-25-06__

By: __Jamie Bradley__
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____, 20___.
Signature of _____ Notary Public or _____ Deputy Clerk

My Commission Expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):
Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
#2 Metro Courthouse
Nashville TN 37201

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case.

CRISTI SCOTT, Clerk & Master

By: _____
D.C. & M.

| STATE OF TENNESSEE 20TH JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 06-1202-IV |
|---|---|---|
| PLAINTIFF Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |

TO: (NAME AND ADDRESS OF DEFENDANT)
Pacific Commercial Services, LLC
c/o David Wood
14901 Quorum Drive, Suite 855
Dallas, TX 75240

SERVE THROUGH SECRETARY OF STATE

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. of Insurance
☒ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
*Attach Required Fees

List each defendant on a separate summons.

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se: (Name, address & telephone number) Jay R. Slobey, Esq. (#5398) Patrick Dollar, Esq. (#23602) 201 Fourth Avenue North, Suite 1700 Nashville, TN 32719 615-254-7770 | FILED, ISSUED & ATTESTED 5-22-06 CRISTI SCOTT, Clerk and Master By: 501 Great Circle Road Second Floor Nashville, TN 37228 Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

Case 3:06-cv-00628   Document 1-3   Filed 06/22/06   Page 15 of 18 PageID #: 68

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) **Secretary of State**

- [x] Served **6-2-06**
- [ ] Not Served _____
- [ ] Not Found _____
- [ ] Other _____

DATE OF RETURN: **6-2-06**

By: **Christy Daniel Special Officer**
Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20___. Signature of ____ Notary Public or ____ Deputy Clerk  My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
| **NOTICE OF PERSONAL PROPERTY EXEMPTION**  TO THE DEFENDANT(S):  Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.  Mail list to: Clerk & Master  #2 Metro Courthouse  Nashville TN 37201  Please state file number on list. | ATTACH  RETURN  RECEIPT  HERE  (IF APPLICABLE) |

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master  By:  D.C. & M. |

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS ORIGINAL | CASE FILE NUMBER<br>06-1202-~~Dav. Co. Chancery Court~~ |
|---|---|---|
| PLAINTIFF Yared Beyene, Tadelu Kidanu, Hailemariam Gebremariam, Jea Hun Lee, Zewdu Girma, Kim Sengsavang, and Rabeea Al-Awadi | | DEFENDANT Coverall of North America, Inc., Pacific Commercial Services, LLC, Coverall Cleaning Concepts, and Coverall of Nashville, Inc. |

TO: (NAME AND ADDRESS OF DEFENDANT)
Coverall of North America, Inc.
Serve: Corporate Creations Network, Inc.
205 Powell Place
Brentwood, TN 37027

Method of Service:
☐ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☒ Private Process Server
☐ Other
*Attach Required Fees

[signature] Office Manager

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Jay R. Slobey, Esq. (#5398)<br>Patrick Dollar, Esq. (#23602)<br>201 Fourth Avenue North, Suite 1700<br>Nashville, TN 32719<br>615-254-7770 | FILED, ISSUED & ATTESTED<br><br>5-1206<br><br>CRISTI SCOTT, Clerk and Master<br>By:<br>501 Great Circle Road<br>Second Floor<br>Nashville, TN 37228<br><br>Deputy Clerk & Master |

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

# RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) __COVERALL OF NORTH AMERICA__

☑ Served __REGISTERED AGENT CORPORATE CREATIONS NETWORK__  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

DATE OF RETURN:
5-26-06

By: __Randy McClanahan__
~~Sheriff~~ or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___. I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of _____, 20___.** <br> Signature of ____ Notary Public or ____ Deputy Clerk <br><br> My Commission Expires: | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. <br><br> __Randy McClanahan__ |
| **NOTICE OF PERSONAL PROPERTY EXEMPTION** <br> TO THE DEFENDANT(S): <br> Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. <br><br> Mail list to: Clerk & Master <br> #2 Metro Courthouse <br> Nashville TN 37201 <br><br> Please state file number on list. | <br><br><br><br><br> ATTACH <br> RETURN <br> RECEIPT <br> HERE <br> (IF APPLICABLE) |

## CERTIFICATION (IF APPLICABLE)

| | |
|---|---|
| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | CRISTI SCOTT, Clerk & Master <br><br> By: <br><br> D.C. & M. |