
IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| YARED BEYENE, TADELU KIDANU, HAILEMARIAM GEBREMARIAM, JEA HUN LEE, ZEWDU GIRMA, KIM SENGSAVANG, and RABEEA AL-AWADI,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL OF NORTH AMERICA, INC., PACIFIC COMMERCIAL SERVICES, LLC, COVERALL CLEANING CONCEPTS, and COVERALL OF NASHVILLE, INC.,<br><br>Defendants. | Case No.: 3:06-0628<br><br>JUDGE HAYNES<br><br>JURY DEMANDED |

## AMENDED COMPLAINT

Plaintiffs move the Court to amend their Complaint pursuant to *Fed. R. Civ. Pro. 15(a)*. This Motion is pursuant to the Court's ruling that a Motion to Amend can be filed in order to include the theory of unconscionability. The following language is to be included in the Amended Complaint:

### PARTIES

1. Plaintiff Yared Beyene is a resident of the State of Tennessee, residing at 3541 Mt. View Ridge Drive, Antioch, Tennessee 37013.

2. Plaintiff Tadelu Kidanu (Mr. Kidanu) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

3. Plaintiff Hailemariam Gebremariam (Ms. Gebremariam) is a resident of the State of Tennessee, residing at 4675 Old Lebanon Dirt Road, C-39, Mt. Juliet, Tennessee 37122.

4. Plaintiff Jea Hun Lee (Mr. Lee) is a resident of the State of Tennessee, residing at 207 Yorktown Road, Clarksville, Tennessee 37042.

5. Plaintiff Zewdu Girma (Mr. Girma) is a resident of the State of Tennessee, residing at 305 Millwood Drive. Apt. 475, Nashville, Tennessee 37217.

6. Plaintiff Kim Sengsavang (Ms. Sengsavang) is a resident of the State of Tennessee, residing at 6329 Plainview Road, Christiana, Tennessee 37037.

7. Plaintiff Rabeea Al-Awadi (Mr. Al-Awadi) is a resident of the State of Tennessee residing at 6620 Forrest Lane, Murfreesboro, Tennessee 37129.

8. Defendant Coverall North America, Inc. (Coverall) is a business entity authorized to do business in the State of Tennessee and having a principal office located at 500 W. Cypress Creek, Suite 580, Ft. Lauderdale, Florida 33309. Defendant may be served with process through its registered agent, Corporate Creations Network, Inc. at 205 Powell Place, Brentwood, Tennessee 37027. Coverall North America, Inc. does business in Tennessee under the assumed name of Coverall Cleaning Concepts.

9. Defendant Pacific Cleaning Services, LLC (PCS) is a Texas corporation, not licensed to do business in the State of Tennessee. PCS's registered agent of service is David Wood, 14901 Quorum Drive, Suite 85, Dallas, Texas 75240.

10. Defendant Coverall Cleaning Concepts, Inc., is an assumed name for Coverall of North America, Inc., and an entity under which "franchise" opportunities were offered and sold in the State of Tennessee. Coverall Cleaning Concepts is not licensed to do business in the State of Tennessee.

11. Defendant Coverall of Nashville, Inc. is a business entity authorized to do business in the State of Tennessee and having a principal office located at 1511 A Rosedale

2
Case 3:06-cv-00628   Document 32-2   Filed 08/25/2006   Page 2 of 8

Case 3:06-cv-00628   Document 51   Filed 10/17/06   Page 2 of 8 PageID #: 410

Avenue, Nashville, Tennessee 37207. Defendant Coverall of Nashville, Inc. may be served with process through its registered agent "Coverall of Nashville, Inc." located at 311 Plus Park Boulevard, Nashville, Tennessee 37217.

## FACTS

12. Each Plaintiff is a legal immigrant to the United States, but each is illiterate in reading and writing the English language.

13. Defendants engage, at least in part, in commercial cleaning services and the purported "franchising" of commercial cleaning service businesses.

14. Defendants' employees induced Plaintiffs into executing so-called franchise agreements in which the business relationship was actually general contractor -subcontractor or employer-employee.

15. At the time each Plaintiff signed his/her franchise agreement and subsequent promissory note and/or notes, each paid Defendants for the privilege.

16. None of the Plaintiffs were capable of entering into a contract due to their respective deficiencies in reading and writing the English language.

17. Defendants engaged in the deceptive practice of inducing Plaintiffs into signing so-called franchise agreements, and promissory notes without the present intention of performing their obligations under those agreements.

18. Defendants failed to properly train Plaintiffs for the specific job functions pertaining to each customer account.

19. Defendants' actions constituted a pattern or practice of placing Plaintiffs into a cleaning account, and then when a customer complaint occurred, failing to investigate the complaint at the customer's location, or in many cases failing to notify the Plaintiffs of the

Complaint. The result of this pattern or practice is that the Plaintiffs would lose the account within a short period of time.

20. Defendants intentionally failed to instruct the Plaintiffs as to remedying the specific complaint, or failed to notify the Plaintiffs of the complaint itself, in order to take the customer account from the Plaintiffs and give it to a "new" franchisee, who recently paid money to Defendants for these so-called franchises.

21. Defendants promised Plaintiffs new accounts immediately upon entering into these so-called franchise agreements; however, Defendants failed to place Plaintiffs into these accounts according to the scheduled payments made by the Plaintiffs. Because of this action, Defendants are liable in damages for the following violations.

22. Each Plaintiff was subjected to the "shuffling" arrangement, and each has been promised a new account – without delivery. Defendants had no present intention of placing Plaintiffs into subsequent accounts, beyond this initial shuffling.

## CAUSES OF ACTION

### VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

23. Defendants are liable, in damages, for the following violations of the Tennessee Consumer Protection Act, which statutes were in full force and effect at all times material to Plaintiffs' Complaint:

> a. *Tenn. Code Ann. § 47-18-104(b)(3);* Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;
>
> b. *Tenn. Code Ann. § 47-18-104(b)(5);* Representing that goods and services have sponsorship approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation, or connection that such person does not have;

    c. *Tenn. Code Ann. § 47-18-104(b)(9);* Advertising services with intent not to sell them as advertised;

    d. *Tenn. Code Ann. § 47-18-104(b)(12);* Representing that a consumer transaction confers or involves rights, remedies, or obligations that it does not have or involve or which are prohibited by law;

    e. *Tenn. Code Ann. § 47-18-(b)(2);* Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services. This subdivision does not prohibit the private labeling of goods and services;

    f. *Tenn. Code Ann. § 47-18-104(b)(27);* Engaging in any other act or practice which is deceptive to the consumer or to any other person.

  24. Plaintiffs, due to their respective inability to read and write the English language, lacked the competence to appreciate the consequences of their unfair bargaining position and therefore are entitled to rescission from each and every purported contract they executed with Defendants, including but not limited to their franchise agreements and each and every promissory note.

  25. The nature of the deception or coercion practiced upon Plaintiffs was of the most egregious kind, involving the signing of promissory notes and false franchise agreements in an effort to bind Plaintiffs to obligations and amounts of which they were unaware and/or could not appreciate.

  26. By their deceptive acts, Defendants, through their agents and/or employees, did not act in good faith and willfully and/or knowingly violated the provisions of the Tennessee Consumer Protection Act.

27. Defendants are liable to Plaintiffs in damages arising from Defendants violations of the Tennessee Consumer Protection Act, and these damages should be trebled due to Defendant's willful violations of said Act, pursuant to *Tenn. Code Ann. § 47-18-109(a)(3)*.

## FRAUD IN THE INDUCEMENT

28. Defendants, through their agents and/or employees, intentionally misrepresented material facts pertaining to the scope of Plaintiffs' employment status with Defendants.

29. At the time these representations were made, Defendants' agents and/or employees had knowledge of the falsity of these representations.

30. Plaintiffs, to the extent each could understand the English language, reasonably relied upon these false representations and were consequently injured as a result of this reliance.

31. When these false representations were made, Defendants' agents and/or employees had no present intent to fully perform their promises to Plaintiffs.

## NEGLIGENT MISREPRESENTATION

32. Defendants, in the course of their business, failed to exercise reasonable care or competence in communicating material information to Plaintiffs pertaining to their respective statuses as a franchisee of Defendant Coverall. Defendants, through their agents and/or employees, supplied false information for the guidance of Plaintiffs in their business transactions with Defendants. As such, Defendants are subject to liability for the pecuniary loss caused to Plaintiffs by their justifiable reliance upon the information.

33. Defendants' agents and/or employees intentionally or negligently supplied false information and/or omitted necessary material facts and information to Plaintiffs in the guiding of their business transactions with Defendants. Plaintiffs reasonably relied upon this false information to their detriment.

34. Defendants are liable in damages to Plaintiffs for the intentional and/or negligent misrepresentations made by its agents and/or employees.

35. Defendants are liable in damages to Plaintiffs for fraud in the inducement.

## UNCONSCIONABILITY

36. Defendants' agreements constitute contracts of adhesion, and are unconscionable, because of the inability of the Plaintiffs to read and understand the nature of the documents they signed, and because the Defendants have much greater bargaining power.

37. Plaintiffs never knowingly and/or voluntarily waived their right to a jury trial, either in the Federal or State Court systems. The employees of the Defendants never explained the concept of arbitration, never explained that the Plaintiffs were waiving their right to a jury trial, and never read the language of the agreement to the Plaintiffs.

These theories of the Plaintiffs are more fully explained in the accompanying Memorandum of Law.

Respectfully submitted,

**BLACKBURN & MCCUNE, PLLC**

/s/ **JAY R. SLOBEY**
Jay R. Slobey (#5398)
Patrick Dollar (#23602)
**SunTrust Bank Building**
201 4th Avenue North, Suite 1700
Nashville, Tennessee 37219
Telephone: (615) 254-7770
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2006 the foregoing **Amended Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

John Tarpley, Esq.
**Lewis, King, Krieg & Waldrop, PC**
201 4th Avenue North, Suite 1500
Nashville, Tennessee 37219

Alice A. Kelly, Esq.
**DLA Piper Rudnick. Gray, Cary US LLP**
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

Norman M. Leon, Esq.
**DLA Piper Rudnick. Gray, Cary US LLP**
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601

/s/ **JAY R. SLOBEY**
Jay R. Slobey

B6011.beyene.yared.et.al.001.coverall.pleadings.amended.complaint.08.25.06